UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JANE E. MOORE,<br>　　　Plaintiff<br><br>vs.<br><br>SUPERIOR AUTO, INC.,<br>SAC FINANCE, INC., LARRY CAPPIS,<br>Individually and in his Representative Capacity, and<br>CHERYL MERRITT, Individually and in her<br>Representative Capacity,<br>　　　Defendants. | CAUSE NO. 4:03CV0086AS |

### ANSWER TO COMPLAINT

COMES NOW the Defendants, Superior Auto, Inc., SAC Finance, Inc., by counsel, Bradley Kim Thomas, and files their Answer to the Plaintiff's Complaint. In support of said Answer the Defendants would state as follows:

### JURISIDICTION AND VENUE

1. The Defendant Corporations admit to paragraph one (1) of the Plaintiff's Complaint.

2. The Defendant Corporations admit that any allegations made by the Plaintiff would have been committed within the jurisdiction of the United State District Court for Northern District of Indiana Lafayette Division.

3. The Defendant Corporations admit to paragraph three (3) of the Plaintiff's Complaint.

### PARTIES

4. The Defendant Corporations admit to paragraph four (4) of the Plaintiff's Complaint.

5. The Defendants, Superior Auto, Inc. and SAC Finance, Inc., admit to paragraph five (5) of the Plaintiff's Complaint.

6. The Defendant Corporations admit to paragraph six (6) of the Plaintiff's Complaint.

## ADMINISTRATIVE PROCEDURES

7. The Defendant Corporations admit to paragraph seven (7) of the Plaintiff's Complaint.

8. The Defendant Corporations admit to paragraph eight (8) of the Plaintiff's Complaint.

9. The Defendant Corporations admit to paragraph nine (9) of the Plaintiff's Complaint.

## FACTS

10. The Defendant, SAC Finance, Inc., admits that on or about March 2003 the Plaintiff was employed at SAC Finance, Inc., further the Defendant, Superior Auto, Inc., admits that she was an employee of Superior Auto, Inc. from August 8, 1994 to December 31, 1996. Plaintiff's employment switched from Superior Auto, Inc. to SAC Finance, Inc. effective January 1, 1997 and continued through the date of termination.

11. The Defendant Corporation, SAC Finance, Inc., admits that there was physical contact by Defendant Cappis with Ms. Moore in basic compliance with the facts that the Plaintiff stated in paragraph eleven (11) of the Plaintiff's Complaint. The Defendant Corporations further state that there was a dispute between Defendant Cappis and Plaintiff Moore as to the intent and emotions involved with the touching.

12. The Defendant Corporations are without knowledge or information sufficient to form a belief as to the truth in paragraph twelve (12) of the Plaintiff's Complaint.

13. The Defendant Corporations admit that on or about November 27, 2002 there was a meeting between the parties stated in paragraph thirteen (13) of the Plaintiff's Complaint. Further the representatives of the Defendant Corporations agreed that the acts of Defendant Cappis where uncalled for and inappropriate. They further acknowledge and admit that at the time of November 27, 2002 Randy Hayes and Allen Ehler would have made any decision concerning the termination of Defendant Cappis or his transfer to a

different location. The Defendant Corporations are without knowledge or information sufficient to form a belief as to the truth of what Ms. Moore may have asked on that date or what Ms. Shaffer and Ms. Merritt have stated.

14. The Defendant Corporations admit the part of paragraph fourteen (14) that Ms. Moore informed the company that she did not feel comfortable around Defendant Cappis and was immediately given paid leave by the Defendant Corporations. The Defendant Corporations deny the balance of paragraph fourteen (14) of the Plaintiff's Complaint.

15. The Defendant Corporations deny paragraph fifteen (15) of the Plaintiff's Complaint.

16. The Defendant Corporations admit paragraph sixteen (16) of the Plaintiff's Complaint. Further the Defendant Corporations would state that this call was not directed solely concerning Ms. Moore but rather it was being done at numerous corporation locations for business purposes to determine if in fact two collectors were needed at those locations, due to the volume of business.

17. The Defendant Corporations admit the part of paragraph seventeen (17) of the Plaintiff's Complaint that states Ms. Moore was disciplined in February of 2003. The Defendant Corporations deny that Jeana Miller was not disciplined upon similar deficiencies.

18. The Defendant Corporations deny paragraph eighteen (18) of the Plaintiff's Complaint.

19. The Defendant Corporations admit that a customer did complain to the Defendant Corporations, SAC Finance, Inc., about Ms. Moore's conducted on or about March 1, 2003. Further, because of that conduct and previous conduct by Ms. Moore the Defendant Corporations did terminate Ms. Moore on or about March 6, 2003. The Defendant Corporations deny the nonfactual allegations contained in paragraph nineteen (19) which are as follows:

   a. Defendant Corporations seized upon the incident as the perfect opportunity to trump-up a pre-textual reason to terminate Ms. Moore's employment.

   b. As predicted by the Defendant Merritt, Defendant Corporations did not forgive Ms. Moore for her failure to forgive Defendant Cappis.

The Defendant Corporations ask that these inflammatory non-factual statements by the Plaintiff be stricken from the Complaint.

20. The Defendant Corporations deny paragraph twenty (20) of the Plaintiff's Complaint.

## FEDERAL CLAIMS

### COUNT I

### SEXUAL HARASSMENT

The Defendant Corporations state the following as their answer to the allegations contained in Count I:

21. The Defendant Corporations hereby incorporates by reference and answers one through twenty as previously set out herein.

22. The Defendant Corporations deny paragraph twenty-two (22) of the Plaintiff's Complaint.

23. The Defendant Corporations deny paragraph twenty-three (23) of the Plaintiff's Complaint.

24. The Defendant Corporations deny paragraph twenty-four (24) of the Plaintiff's Complaint.

WHEREFORE the Defendant Corporations pray that the Plaintiff take nothing by way of this cause of action and for such other relief that may be just and proper.

### COUNT II

## TITLE VII RETALIATION

The Defendant Corporations state the following as their answer to the allegations contained in Count II:

25. The Defendant Corporations hereby incorporates by reference paragraphs one through twenty-four as though fully set out herein.

26. The Defendant Corporations deny paragraph twenty-six (26) of the Plaintiff's Complaint.

27. The Defendant Corporations deny paragraph twenty-seven (27) of the Plaintiff's Complaint.

28. The Defendant Corporations deny paragraph twenty-eight (28) of the Plaintiff's Complaint.

WHEREFORE the Defendant Corporations request that the Plaintiff take nothing by way of this cause of action and for such other relief that may be just and proper.

## STATE LAW CLAIMS

## COUNT III

## ASSAULT & BATTERY

The Defendant Corporations state the following as their answer to the allegations contained in Count III:

29. The Defendant Corporations hereby re-allege and incorporates by reference answers one through twenty-eight (28) as if they were fully set out herein.

30. The Defendant Corporations are without knowledge or information sufficient to form a belief as to the statements contained in paragraph thirty (30) of the Plaintiff's Complaint.

31. The Defendant Corporations admit that the conduct of Defendant Cappis towards the Plaintiff may have constituted battery under Indiana law.

32. The Defendant Corporations deny paragraph thirty-two (32) of the Plaintiff's Complaint.

33. The Defendant Corporations deny paragraph thirty-three (33) of the Plaintiff's Complaint.

WHEREFORE the Defendant Corporations pray that the Plaintiff take nothing by way of this cause of action and for such other relief that may be just and proper.

## COUNT IV

## NEGLIGENT RETENTION

The Defendant Corporations state the following as their answer to the allegations contained in Count IV:

34. The Defendant Corporations hereby re-allege and incorporates by reference answers one through thirty-three as if they were fully set out herein.

35. The Defendant Corporations deny paragraph thirty-five (35) of the Plaintiff's Complaint.

36. The Defendant Corporations deny paragraph thirty-six (36) of the Plaintiff's Complaint.

37. The Defendant Corporations deny paragraph thirty-seven (37) of the Plaintiff's Complaint.

38. The Defendant Corporations deny paragraph thirty-eight (38) of the Plaintiff's Complaint.

39. The Defendant Corporations deny paragraph thirty-nine (39) of the Plaintiff's Complaint.

WHEREFORE the Defendant Corporations pray that the Plaintiff take nothing by way of this claim of relief and for such other relief that may be just and proper.

## COUNT V

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Defendant Corporations state the following as their answer to the allegations contained in Count V:

40. The Defendant Corporations hereby re-allege and incorporates by reference answers one through thirty-nine as if they were fully set out herein.

41. The Defendant Corporations deny paragraph forty-one (41) of the Plaintiff's Complaint.

42. The Defendant Corporations deny paragraph forty-two (42) of the Plaintiff's Complaint.

43. The Defendant Corporations deny paragraph forty-three (43) of the Plaintiff's Complaint.

44. The Defendant Corporation deny paragraph forty-four (44) of the Plaintiff's Complaint.

WHEREFORE the Defendant Corporations pray that the Plaintiff take nothing by way of this cause of action and for such other relief that may be just and proper.

## AFFITMATIVE DEFENSES

1. The Defendant Corporations assert that Count I of the Plaintiff's Complaint fails to state the claim upon which relief can be granted.

2. The Defendant Corporations assert that they took sufficient and proper remedial action in response to the Plaintiff's claim.

3. The Defendant Corporations assert that Count III of the Plaintiff's Complaint fails to state as to them a claim upon which relief can be granted.

4. The Defendant Corporations affirmatively assert the intentional tort doctrine of respondent superior in response to Count III of the Plaintiff's Complaint.

5. The Defendant Corporations affirmatively assert that Count IV fails to state a claim upon which relief can be granted.

Respectfully Submitted,

_____
Bradley Kim Thomas, #554-17
THOMAS & THOMAS
105 West Union Street, PO Box 25
Waterloo, Indiana 46793
(260) 837-2251
Attorney for Defendant Corporations

Certification of Service

I hereby certify that on the 31st day of December, 2003, I did mail or hand deliver a true and correct copy of the foregoing representations to Attorney for the Plaintiff, John D. Pierce, TOFAUTE & SPELMAN, 20 South 5th Street, PO Box 599, Terre Haute, Indiana 47808.

_____
Bradley Kim Thomas